# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cimline, Inc.,

                Plaintiff,

                                                Civ. No. 07-3997 (RHK/JSM)
                                                **ORDER**

v.

Crafco, Inc.,

                Defendant.

---

This matter is before the Court on Defendant Crafco, Inc.'s ("Crafco") request for attorneys' fees from Plaintiff Cimline, Inc. ("Cimline").[1] For the reasons set forth below, the Court will deny the request.

The background in this case has been set forth in detail in two earlier opinions issued by the Court, see 672 F. Supp. 2d 916 (D. Minn. 2009); No. 07-3997, 2007 WL 4591957 (D. Minn. Dec. 28, 2007), and will not be repeated here. Familiarity with those prior opinions is assumed. Following the entry of partial summary judgment in Crafco's favor, the parties reached a settlement, pursuant to which Crafco reserved the right to seek attorneys' fees and Cimline reserved the right to appeal to the Federal Circuit. As foreshadowed by that settlement, Cimline has duly noticed its appeal to the Federal

---

[1] Pursuant to District of Minnesota Local Rule 54.3(b)(2), Crafco has filed a Notice of Intent to Claim an Award of Attorneys' Fees (Doc. No. 77) rather than a Motion for such fees. The two are functionally equivalent, however.

Circuit (Doc. No. 78), and Crafco has requested more than $400,000 in attorneys' fees.[2] The Courts rejects its attorneys' fees request for several reasons.

*First*, Crafco seeks fees under 35 U.S.C. § 285, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Insofar as this statute is contained within the "Patents" portion of the United States Code, it applies only to patent claims. Hence, where "an action embraces both patent and non-patent claims, no fees under section 285 can be awarded for time incurred in litigation of the non-patent issues." Gjerlov v. Schuyler Labs., Inc., 131 F.3d 1016, 1025 (Fed. Cir. 1997) (citations omitted); accord, e.g., Mach. Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 475 (Fed. Cir. 1985) (same).[3]

Here, the main thrust of Crafco's fee request concerns Cimline's "frivolous" *antitrust* claim. (See Def. Mem. at 3-6; Reply Mem. at 2-3.) Even if the Court were to conclude that this claim was "frivolous," it does not appear that Crafco can recover fees under Section 285 for being forced to litigate that claim. See PPG Indus., Inc. v. Celanese Polymer Specialties Co., 658 F. Supp. 555, 559 (W.D. Ky. 1987) ("[F]ees should not be awarded under 35 U.S.C. § 285 for litigation of non-patent issues *such as antitrust*.") (emphasis added), reversed on other grounds, 840 F.2d 1565 (Fed. Cir. 1988);

---

[2] Cimline's appeal did not divest this Court of jurisdiction to make a fee award. See Fed. R. Civ. P. 54 advisory committee's note (1993 Amendments) (district court "may rule on [a] claim for fees" even if "an appeal on the merits of the case is taken").

[3] "[T]he awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law and therefore subject to Federal Circuit law." Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1343 (Fed. Cir. 2001).

2

U.S. Indus., Inc. v. Norton Co., 578 F. Supp. 1561, 1567 (N.D.N.Y. 1984) (allocating 60% of fees to patent issues and 40% of fees to antitrust issues and declining to award the latter under Section 285).[4] And while it is possible that Crafco would be entitled to attorneys' fees under Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927 if the claim was in fact "frivolous" – which it was not, as discussed in more detail below – it has invoked neither in support of its fee request.

*Second*, as noted above, Section 285 provides that fees may be awarded only in "exceptional" patent cases. A case is "exceptional" when the losing party (1) engaged in litigation misconduct, (2) pursued vexatious, unjustified, or otherwise bad-faith litigation, or (3) asserted a frivolous claim or defense. E.g., Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001). Put another way, "an exceptional case is one in which there is some egregious action by a party such that fees must be awarded . . . in order to prevent a gross injustice." Visto Corp. v. Sproqit Techs., Inc., No. C-04-0651, 2007 WL 160942, at *2 (N.D. Cal. Jan. 17, 2007). The burden rests with the party seeking fees to show by clear and convincing evidence that the case is "exceptional." E.g., Forest Labs., Inc. v. Abbot Labs., 339 F.3d 1324, 1327-28 (Fed. Cir. 2003).

"[U]se of the term 'exceptional' in § 285 is not to be taken lightly." Visto Corp., 2007 WL 160942, at *2  By limiting fee awards to "exceptional" cases, Congress made

---

[4] The Federal Circuit has recognized that fees may be awarded under Section 285 for non-patent claims "so intertwined with . . . patent issues as to make section 285 applicable to the case in its entirety." Interspiro USA, Inc. v. Figgie Int'l Inc., 18 F.3d 927, 933 (Fed. Cir. 1994). In its submissions, Crafco has not addressed whether that is the case here.

clear that fees should be awarded "only in rare or extraordinary" circumstances. Id. (quoting Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 372 F. Supp. 2d 833, 848 (E.D. Va. 2005)). Fees should not be "routinely assessed against a losing party in litigation [or] for merely defending or prosecuting a lawsuit." Revlon, Inc. v. Carson Prods. Co., 803 F.2d 676, 679 (Fed. Cir. 1986).

Here, Crafco has failed to show by clear and convincing evidence that there has been litigation misconduct rendering this an "exceptional" case. Indeed, unlike many patent cases, discovery in this action was relatively tame. See Mosinee Paper Corp. v. James River Corp. of Va., 22 U.S.P.Q.2d 1657, 1664 (E.D. Wis. 1992) (noting that patent litigation typically is hard-fought and not necessarily litigated according to the "Marquis of Queensberry rules"). No motions to compel were filed, and the parties jointly stipulated to the entry of a protective order concerning discovery. No requests for sanctions were ever made, and no Court intervention was required in order for the parties to marshal the evidence necessary for their summary-judgment motions. While Crafco chastises Cimline for delaying the proceedings by waiting until the last minute to undertake certain discovery (see Def. Mem. at 6), there is no dispute that all discovery was completed by the Court-mandated deadlines. Under these circumstances, any "delay" occasioned by Crafco's conduct would not justify an award of fees. See Schwarz Pharma, Inc. v. Paddock Labs., Inc., Civ. No. 05-832, 2007 WL 4436875, at *3 (D. Minn. Dec. 18, 2007) (Montgomery, J.).

Similarly, the Court finds no evidence of subjective bad faith in Cimline's commencement of this action, nor any frivolousness in the claims asserted herein. Notably, the mere fact that Cimline was unsuccessful in the litigation is not a sufficient basis for an award of fees. E.g., Kalman v. Berlyn Corp., 914 F.2d 1473, 1486 (Fed. Cir. 1990) ("[M]erely losing on the defenses of invalidity and non-infringement is not enough to make a case exceptional.") (citation omitted). Although the Court concluded at summary judgment that Cimline's product infringes Crafco's patent, there has been no determination that its infringement was willful, nor has Crafco even made such an assertion in its fee request. See, e.g., Tate Access Floors, Inc. v. Maxcess Techs., Inc., 222 F.3d 958, 972 (Fed. Cir. 2000) (noting that willfulness is a key factor in determining propriety of fee award).[5] And while Crafco argues strenuously that there was no basis for Cimline's invalidity claim or assertion of non-infringement (Reply Mem. at 3-4), the Court found the opposite at summary judgment, recognizing that each was a close call. See 672 F. Supp. 2d at 926-27, 930-31 & n.19. The closeness of these issues militates against an award of fees. See, e.g., Va. Panel Corp. v. MAC Panel Co., 133 F.3d 860, 867 (Fed. Cir. 1997); Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 1582 (Fed. Cir. 1992).[6]

---

[5] Even if the Court had found that Cimline wilfully infringed Crafco's patent, an award of fees would not automatically follow. See Tate Access Floors, 222 F.3d at 972 ("[A] finding of willful infringement does not mandate that . . . attorneys fees be awarded.").

[6] While recognizing that Cimline obtained a non-infringement opinion from a patent attorney, Crafco attacks that opinion as lacking a proper evidentiary basis (see Reply at 4-6) and further notes that Cimline never obtained an opinion regarding invalidity (see id. at 3-4).

*Third,* even if the Court were to conclude that this is an "exceptional" case, that conclusion would not require a fee award *ipso facto*. "Even an exceptional case does not require in all circumstances the award of attorney fees." S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed. Cir. 1986). As noted in Superior Fireplace Co. v. Majestic Products Co., 270 F.3d 1358, 1378 (Fed. Cir. 2001), "[a] finding that this case was exceptional would not, of course, end the inquiry. The subsequent decision to award attorney fees, *vel non*, is discretionary and permits the judge to weigh intangible as well as tangible factors." (internal quotation marks and citations omitted). In other words, a fee award under Section 285 necessitates a two-part inquiry: is the case exceptional? And if so, should the Court exercise its discretion to award fees? Id.; Graco, Inc. v. Binks Mfg. Co., 60 F.3d 785, 794-95 (Fed. Cir. 1995).

Matters that factor into the exercise of the Court's discretion include "the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." Superior Fireplace, 270 F.3d at 1378; accord S.C. Johnson, 781 F.2d at 201. The Court must be mindful that its decision "should be in furtherance of the policies of the laws that are

---

Whatever merit these arguments may have, they do not mandate an award of fees. See Gullfiber, 774 F.2d at 473 ("Failure to obtain advice of counsel does not conclusively establish . . . bad faith or in itself make the case 'exceptional.'"). This is particularly true given that it is undisputed that Cimline tried – albeit unsuccessfully – to design around Crafco's patent, and its efforts rendered the infringement question a close one. See Knorr-Bremse Systeme, 372 F. Supp. 2d at 853 (declining to award fees despite finding of willful infringement where infringer attempted to design around patent and "presented a very close case at trial on the issue of literal infringement").

being enforced, as informed by [its] familiarity with the matter in litigation and the interest of justice." Id. Here, the policy being enforced is the award of attorneys' fees only in "rare" cases where fees should be shifted "to avoid a gross injustice." Revlon, 803 F.2d at 679. Because, as set forth above, this case presented several close questions, was litigated in good faith, and was handled professionally throughout, the Court determines that this is not a "rare" case in which the interests of justice require an award of fees to Crafco.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Crafco's request for attorneys' fees is **DENIED**.

Dated: June 21, 2010						s/Richard H. Kyle
								RICHARD H. KYLE
								United States District Judge